In view of the provisions of articles 9, 20 and 65 of the Mortgage Law and the decisions of the General Directorate of Registries of the 22nd of July, 1874, 18th of August, 1887, 18th of June, 1888 and 26th of June, 1894:

The refusal of the Registrar of Property of this City to record the order approving the proceedings for dominion title prosecuted by Don José Dolores Rivera Claudio, in the name of his wife, Doña Justa García y Lizarraga, *is hereby affirmed;* a cautionary notice of suspension may however be entered if requested by the applicant.

This decision will be communicated to the District Court of San Juan for the notification of the parties in interest, and after the expiration of eight working days counting from the date of the notification, the proceedings in the case, together with any writings filed by the interested parties, will be forwarded to the said Court.

---

LUIÑA HERMANOS & CO. ET AL, *v.* REGISTRAR OF PROPERTY.

APPEAL from a judgment rendered by the
District Court of San Juan.

No. 3.—Decided May 7, 1900.

HEIRS.—Heirs must record in their own name, in the Registry of Property, real estate or property rights recorded in favor of their ancestors; and so long as they fail to comply with this formality deeds executed by them, transferring or incumbering such real estate or property rights cannot be recorded or entered in the Registry of Property.

POWERS OF MANAGING PARTNERS.—Sabina Bozzo contributed to the firm of Luiña Hermanos & Co., fourteen thousand *pesos* represented by the interests which she had in two city properties, situated in San Juan,—it

lo cual Sabina Bozzo gestionaría la adjudicación de la misma á su favor, en la testamentaría de su marido. *Se resolvió* que con el fin de hacer eficaz este convenio el gestor de dicha sociedad tenía facultades para intervenir en la expresada testamentaría y celebrar con los demás interesados los conciertos tendentes á realizarlo, y para traspasar á Sabina Bozzo las participaciones por ella-aportadas y adquirirlas nuevamente en la forma que hubieren convenido.

Gravámen inoficioso.—Hecha la adjudicación de los bienes de una testamentaría, con la obligación de pagar el adjudicatario las bajas del caudal, en la forma en que se hubiere establecido en la escritura de partición, quedan los interesados en el pago de esas bajas suficientemente garantidos en sus respectivos derechos y la *prohibición de enagenar* los bienes adjudicados, contenida en la escritura, constituye un gravámen inoficioso, pero no implica la nulidad del título, ni de la obligación en él contenida, y no impide la inscripción del documento en el Registro de la Propiedad.

## EXPOSICIÓN DEL CASO.

Don Manuel Luiña Villamil, gestor de la mercantil Luiña Hermanos y Ca. y· apoderado de Doña Sabina Bozzo, viuda de Don Venancio Luiña, en unión de Don Gumersindo Suarez, apoderado de Don Servando, Doña Jovita, Doña Matilde, Doña Prudencia, Doña Justa y Doña Julia Picó, y además de los herederos de la difunta Doña Florentina Picó, practicaron por escritura pública de Julio 1, 1899, la partición de los bienes testados por Don Venancio Luiña en su codicilo de Marzo 9, 1899, en cuya partición se adjudicó á la viuda todo el haber inventariado compuesto de dos casas situadas en la calle de la Fortaleza, números 49 y 51, é inscritas en el Registro á nombre de la Sucesión Luiña y de la sociedad Luiña· Hermanos y Ca.; un pagaré otorgado por Don Servando Picó á la orden de Don Gumersindo Suarez, con la fianza del difunto Don Venancio Luiña, y ya vencido; y el saldo de la sociedad, en que aparece haber intervenido el citado Don Venancio Luiña, expresándose en las adjudicaciones que de todo podrá disponer la viuda adjudicataria, mediante ciertas condiciones que en la escritura se detallan. Presentada dicha escritura en el Registro de la Propiedad de San Juan, fué denegada su inscripción por no estar las participaciones que en las fincas tenía Doña Florentina Picó inscritas á favor de sus herederos; por no hallarse autorizado

being stipulated in the instrument of constitution of the said firm, that such contribution should later be substituted by the whole value of one of the said properties, Sabina Bozzo agreeing to procure the award of the same to herself, in the settlement of her husband's estate.   *Held* that in order to carry out this agreement the managing partner of the said firm had a right to intervene in the said testamentary proceedings, and enter into, with the other interested parties, such agreements as might tend to carry out the purposes thereof, and to convey to Sabina Bozzo the shares contributed by her, and again to acquire them in such manner as may have been agreed upon.

Undue Incumbrance.—When the award of properties of an estate is made, subject to an obligation on the part of the grantee to pay the debts of a property, in such manner as may have been agreed upon in the deed of partition, the respective rights of the parties interested in the payment of such debts, are sufficiently guaranteed, and a clause contained in the deed prohibiting the alienation of properties awarded, constitutes an undue incumbrance, but it does not imply the nullity of the deed nor of the obligation therein contained, and does not prevent the admission of the document to record in the Registry of Property.

## STATEMENT OF THE CASE.

Manuel Luiña Villamil, managing partner of the mercantile firm of Luiña Hermanos & Co., and attorney in fact of Doña Sabina Bozzo, widow of Don Venancio Luiña, together with Don Gumersindo Suárez, attorney in fact of Don Servando, Doña Jovita, Doña Matilde, Doña Prudencia, Doña Justa and Doña Julia Picó, and also the theirs of Doña Florentina Picó, by public instrument dated the 1st of July, 1899, executed a partition of the properties devised by Don Venancio Luiña in his codicil of March 9, 1899, in which partition all of the assets inventoried were awarded to the said widow, the assets consisting of two houses situated on Fortaleza St., in San Juan, numbered 49 and 51, and recorded in the Registry of Property in the name of the Succession of Luiña, and in the name of the firm Luiña Hermanos & Co.; a promissory note executed by Don Servando Picó, to the order of Gumersindo Suárez with the deceased Don Venancio Luiña as surety thereon, which note was already due; and the assets shown by the balance struck by the said firm, in which the said Don Venancio Luiña appears to have intervened; it being stated in the adjudications that the widow might dispose of all of the said assets

Don Manuel Luiña, como gestor que es de la mercantil comanditaria Luiña Hermanos y Ca., para transmitir á Doña Sabina Bozzo las participaciones que por aportación de ésta tiene inscritas en dichas fincas la repetida sociedad mercantil; por existir ambigüedad en la escritura de partición, pues adjudicándose las casas á Doña Sabina Bozzo, con obligación de satisfacer los pagos que se expresan en la escritura, se consigna después incidentalmente que la referida sociedad queda dueña de la totalidad de las fincas, hechos que sean los pagos indicados; y por no ser válido el pacto que la aludida escritura contiene, de no enagenar las referidas fincas. Contra esta nota del Registrador interpusieron los interesados recurso gubernativo para ante la Corte de Distrito de San Juan, que por resolución de Marzo 26, 1900, declaró inscribible la mencionada escritura de partición y ordenó al Registrador de la Propiedad que procediera á verificar la inscripción de la misma, resolución que fué apelada por dicho Registrador para ante el Presidente del Tribunal Supremo.

El Juez Presidente Sr. Quiñones emitió la siguiente opinión :

Visto este recurso gubernativo interpuesto por Don Manuel Luiña y Villamil como socio gestor de Luiña Hermanos y Ca., y Don Gumersindo Suarez, por su propio derecho y como representante de los herederos de Don Venancio Luiña, contra la negativa del Registrador de la Propiedad de esta Capital, á inscribir la escritura de partición de los bienes relictos al fallecimiento de Don Venancio Luiña, otorgada en Bayamón ante el Notario del mismo Don Tomás Valldejuli y Calatraveño, el 1.º de Julio del año próximo pasado, y cuyo recurso se encuentra pendiente en esta Presidencia á virtud de apelación interpuesta por el Registrador de la Propiedad contra la resolución dictada por el Tribunal del Distrito de San Juan en 26 de Marzo último, por la que se ordena al citado Registrador que proceda á inscribir la expresada escritura de partición.

under certain conditions set forth in the instrument.    Upon the presentation of the said instrument in the Registry of Property of San Juan it was denied admission to record, because the interests which Doña Florentina Picó had in the properties were not recorded in favor of her heirs; because Don Manuel Luiña as manager of the mercantile firm of Luiña Hermanos & Co., was not authorized to convey to Doña Sabina Bozzo the shares in the said properties which she contributed to the said mercantile firm and which were recorded by it; because the instrument of partition is ambiguous, since in awarding the house to Doña Sabina Bozzo, with the obligation to make the payments stated in the deed, it is afterwards incidentally set out therein that the said firm will become the owner of the whole of the properties as soon as the payments mentioned are made; and because the agreement which the said instrument contains not to alienate the properties referred to, is void.    From this decision of the Registrar the parties in interest took an appeal to the District Court of San Juan, which by order of March 26, 1900, held that the said deed of partition was entitled to admission to record, and ordered the Registrar of Property to proceed to record the same, from which decision an appeal was taken by the Registrar to the Chief Justice of the Supreme Court.

MR. CHIEF JUSTICE QUIÑONES, delivered the following opinion:

A hearing having been had in this appeal taken by Don Manuel Luiña y Villamil as managing partner of Luiña Hermanos & Co., and Don Gumersindo Suárez in his own right and representing the heirs of Don Venancio Luiña, from the refusal of the Registrar of Property of this capital to record the instrument of partition of the properties left on the death of Don Venancio Luiña, which instrument was executed in Bayamón before the Notary Don Tomás Valldejuli y Calatreveño on the 1st of July of the year last past, and which appeal is pending before this office by

Aceptando los fundamentos de *hecho* de la resolución apelada.

*Considerando :* respecto del primer motivo en que se funda la negativa del Registrador á inscribir la escritura de partición de que se trata, que no apareciendo inscritas en el Registro de la Propiedad á favor de los herederos de Doña Florentina Picó las participaciones que á ésta correspondían en las casas números 49 y 51 de la calle de la Fortaleza, de esta Capital, pertenecientes á la testamentaría de Don Venancio Luiña, no es inscribible la escritura de partición que motiva el .presente recurso, en la que el apoderado del padre y representante de dichos herederos trasmite á favor de la viuda, Doña Sabina Bozzo, las participaciones inscritas á favor de su difunta madre y causante Doña Florentina Picó, á tenor de lo que ordena el artículo 20 de la Ley Hipotecaria; y que si bien con el escrito interponiendo el recurso se acompañaron documentos con los cuales se dice haberse subsanado aquel defecto, realmente no lo está, puesto que no consta haberse cumplido aquella formalidad en el Registro.

*Considerando:* respecto del segundo fundamento de la negativa, relativo á la incapacidad de Don Manuel Luiña como gestor que es de la mercantil en comandita Luiña Hermanos y Ca. para transferir á Doña Sabina Bozzo las participaciones que por aportación de ésta tiene inscritas en dicha finca la referida sociedad, que habiéndose convenido en la escritura de constitución de Luiña Hermanos y Ca. que los catorce mil pesos de capital que Doña Sabina Bozzo introducía en la sociedad como comanditaria, los aportaba en las participaciones que por todos conceptos le correspondían en las casas números cuarenta y nueve y cincuenta y uno de la calle de la Fortaleza de esta Capital, en virtud de las disposiciones testamentarias de su difunto marido Don Venancio Luiña Villamil, y que arreglada que fuera la testamentaría de su citado esposo, se modificaría la forma de dicha aporta-

virtue of an appeal taken by the Registrar of Property from a decision rendered by the District Court of San Juan on the 26th of March last, by the terms of which decision the said Registrar is ordered to proceed to record the said instrument of partition:

Accepting the statements of fact set out in the decision appealed from:

In regard to the first point on which the refusal of the Registrar of Property to record the instrument of partition in question is based, that there is no record in the Registry of Property, of the respective interests which the heirs of Doña Florentina Picó had in the houses, belonging to the estate of Don Venancio Luiña, numbered 49 and 51 on Fortaleza St., in this city, the instrument of partition which gives rise to the present appeal, by the terms of which instrument the attorney in fact of the deceased father, representing the said heirs, conveys to the widow, Doña Sabina Bozzo, the shares or interests in the said property which are recorded in favor of the deceased mother, Doña Florentina Picó, in accordance with the provisions of Article 20 of the Mortgage Law, is not entitled to admission to record in the Registry of Property; and although documents purporting to correct the defect were attached to the papers in the appeal, in reality the defect is not corrected, since that formality does not appear to be carried into effect in the Registry of Property.

In respect to the second ground for the refusal, that is to say, the incapacity of Don Manuel Luiña as managing partner of the mercantile firm Luiña Hermanos & Co., to convey to Doña Sabina Bozzo the shares which she contributed towards the capital of the said firm, such interests in the property being recorded in the name of the said firm Luiña Hermanos & Co., and it having been agreed in the contract constituting said firm that the fourteen thousand *pesos* which Doña Sabina Bozzo contributed to the firm, as a silent partner therein, were understood to consist of the

ción sustituyéndola por la de la casa No. 49 de la calle de la Fortaleza, por la totalidad de su valor, para lo cual gestionaría dicha Señora su adjudicación total en la testamentaría, en parte de pago de lo que en ella le correspondiera, aportando la diferencia hasta el completo de su capital en metálico ó en la participación que se le adjudicára en el último balance de Sobrinos de Luiña y Ca.; es evidente que para llevar á efecto la realización de este convenio pudo el gestor de Luiña Hermanos y Ca., Don Manuel Luiña Villamil, intervenir en la escritura de partición de los bienes de Don Venancio Luiña y celebrar en ella, con los demás interesados, los conciertos tendentes á la realización de aquel propósito, y por consiguiente, el de traspasar á Doña Sabina Bozzo las participaciones que á la sociedad correspondían en las dos casas números 49 y 51 de la calle de la Fortaleza, para volverlas á adquirir después, en la forma y con las condiciones establecidas en la misma escritura de partición.

*Considerando:* respecto á la ambigüedad á que se refiere el Registrador en su nota, que si bien en la hijuela de Doña Sabina Bozzo se consigna que se le adjudicaba todo el haber inventariado con inclusión de las dos casas números cuarenta y nueve y cincuenta y uno de la calle de la Fortaleza, á condición de pagar las bajas del caudal, no pudiendo enagenar dichas fincas mientras no estuvieran satisfechas las referidas bajas, y después, entre las notas ó aclaraciones finales de dicha escritura, que quedaba terminada la partición y adjudicación de los bienes, y regularizada la aportación hecha por la Viuda á la sociedad Luiña Hermanos y Ca. y dueña ésta de la totalidad de las fincas, hechos que fueran los pagos indicados, se comprende, atendidos los antecedentes que se expresan en la misma escritura de partición, y sobre todo, los pactos y condiciones establecidos en la de constitución de la referida sociedad Luiña Hermanos y Ca., que el objeto

interest which she had in the houses numbered 49 and 51 on Fortaleza St., in this city, in accordance with the provision of the last will and testament of her deceased husband, Don Venancio Luiña Villamil, and that when the estate of the said husband should be settled the form of the said contribution would be modified, it being substituted by the full value of the house numbered 49 on Fortaleza St., for which she should endeavor to obtain the adjudication to herself of the whole of that property in the testamentary execution, in part payment of the interest which she had in the estate, the difference between the value of that property and the amount agreed upon to be paid in cash, or in the share which might be awarded her in the last balance of the firm of Sobrino de Luiña & Co.; it is evident that in order to carry into effect this agreement the managing partner of Luiña Hermanos & Co., Don Manuel Luiña Villamil, could intervene in the instrument of partition of the estate of Don Venancio Luiña and execute therein, with the other parties in interest, such an agreement as would tend to the realization of that purpose, and therefore, could convey to Doña Sabina Bozzo the shares which the firm had in the said two houses numbered 49 and 51 on Fortaleza St., and subsequently acquire them in such manner and under such conditions as are provided for in the instrument of partition itself.

With respect to the ambiguity to which the Registrar refers in his decision, although in the inventory of Doña Sabina Bozzo's share, it is stated that all of the inventoried assets were awarded to her, including the two houses numbered 49 and 51 situated on Fortaleza St., on the condition that the debts owing on said property should be paid, she being restricted from alienating the said properties so long as the said debts were not paid; and further on among the final explanations contained in the said instrument, it was stated that the partition and award of the properties having been made, and the contribution made by the widow to the firm Luiña Hermanos & Co. being made regular, and the said firm, on the payment of the debts indicated, having

de la adjudicación en la forma que ha sido efectuada, no fué otro que el de regularizar la aportación que á ella había hecho la comanditaria Doña Sabina Bozzo, sujeta á rectificación de las participaciones que le correspondían en el valor de las dos casas de la testamentaría de su difunto marido, por el valor íntegro de ellas, quedando así la sociedad dueña absoluta de dichas casas, luego que fueran satisfechas las bajas en la forma convenida, sobre cuyo particular no parece dudosa la verdadera intención de las partes contratantes.

*Considerando :* respecto al pacto de no enagenar que contiene la escritura de partición, que debiendo ser inscrita la adjudicación de los inmuebles con la obligación de pagar las bajas del caudal en la forma establecida en la escritura, quedan los interesados en el pago de esas bajas suficientemente garantidos en sus respectivos derechos, á tenor de lo que establece el artículo 23 de la Ley Hipotecaria, y por consiguiente que ese pacto de no enagenar que contiene la escritura es un gravámen inoficioso que debe estimarse por no puesto, como el de no hipotecar por segunda y tercera vez la misma cosa hipotecada; pero que no anula el título, ni la obligación, ni es por lo tanto motivo que impida en su día la inscripción de la escritura en el Registro de la Propiedad.

*Vistos* los artículos 20, 23 y número 4.º del 107 de la Ley Hipotecaria, y el 35 de la Instrucción sobre la manera de redactar los documentos públicos sujetos al Registro.

*Se confirma* la nota puesta por el Registrador de la Propiedad denegando la inscripción de la escritura de partición de que se trata en el presente recurso, en cuanto al primero de los motivos en que se funda dicha nota, revocándose en los demás. En lo conforme se confirma y en lo que nó se revoca la resolución de 26 de Marzo último del Tribunal

acquired the ownership of the whole of the said properties, it is understood in view of the matters set out in the said instrument of partition, and especially the ageeements and conditions set out in the document constituting the firm of Luiña Hermanos & Co., that the reason for the award having been made in the manner in which it was effected, being no other than to make regular the contribution which had been made by the silent partner, Doña Sabina Bozzo, subject to an adjustment of her interests in the value of the two houses belonging to the estate of her deceased husband, by an award to her of the total value thereof, the said firm thus becoming the absolute owner of the said houses, upon the payment of the debts in the manner agreed upon; a point upon which there seems to be no doubt as to the intention of the contracting parties.

With respect to the agreement contained in the deed of partition not to alienate the property, it being necessary to record an award of real estate which is subject to an obligation to pay the debts owing on the property in the manner set out in the deed, the rights of the parties interested in the payment are sufficiently guaranteed by the provisions of Article 23 of the Mortgage Law, and therefore this agreement contained in the deed is an undue incumbrance which should be entirely ignored as in the case of an agreement not to mortgage for a second or third time the same property mortgaged; but it does not render void either the deed or the obligation therein contracted, nor is it therefore a defect which would prevent its admission to record in its proper turn in the Registry of Property.

In view of Articles 20 and 23 and Paragraph 4 of Article 107 of the Mortgage Law, and Article 35 of the instructions in regard to the manner in which public documents subject to record in the Registry of Property should be drawn:

The decision of the Registrar of Property, refusing to record the deed of partition under consideration in this appeal, is affirmed insofar as the two first grounds thereof are concerned, the same being reversed with respect to the other grounds

del Distrito de San Juan, al que se remitirá copia certificada de esta providencia para su notificación á los interesados.

---

## ESBRÍ *v.* SUCESIÓN SERRALLÉS.

### CASACIÓN procedente de la Corte de Distrito de Ponce.

No. 74.—Resuelto en Junio 28, 1902.

CASACIÓN.—Cuando en la apreciación de las pruebas la Sala sentenciadora hubiere incurrido en algún error de hecho ó de derecho, es indispensable que en el escrito interponiendo el recurso se exprese, si se estuviere en el primer caso, el acto ó documento auténtico que demuestre la equivocación evidente del juzgador; y si en el segundo, la ley ó doctrina legal relativa al valor de las pruebas, que haya sido infringida, sin cuyo requisito no es procedente ádmitir el recurso.

CONTRATOS.—No incurre en error de derecho el Tribunal que, consagrando la fuerza y eficacia de las obligaciones, dá efecto á las clausulas de un contrato, con sujeción estricta y literal á los términos de las mismas, cuando en ellas aparece, con expresión clara y explícita, la voluntad de las partes contratantes.

En el caso de autos una de las partes se comprometió á pagar á la otra, en determinados plazos, la cantidad de diez y ocho mil pesos moneda comercial, sea cual fuere el cuño de la moneda que con tal carácter circule ó esté aceptada, á razón de *cien centavos* de la moneda circulante *por cada un peso.*

*Se resolvió:*

(*a*)   PRECIO CIERTO.—CONTRATOS ALEATORIOS.—Que en el contrato se ha estipulado un *precio cierto,* y que no puede estimarse desvirtuado por las condiciones del pago, que aunque de naturaleza *aleatoria,* están establecidas en el contrato y mútuamente aceptadas por las partes, y son perfectamente lícitas y admisibles con arreglo á derecho; y

(*b*)   PAGO DE OBLIGACIONES.—Que el deudor viene obligado á pagar hoy los plazos estipulados á razón de cien centavos de la moneda americana, que es la circulante, por cada un peso de la moneda mejicana.

ID.—Aunque con arreglo á la Ley Orgánica de Abril 12, 1900, todas las deudas pendientes en la fecha en que empezó á regir habían de pagarse en la moneda de Puerto Rico que circulaba en aquella fecha, ó en moneda de los Estados Unidos al tipo de cambio establecido, esa disposición ha de entenderse sin perjuicio de los derechos adquiridos por virtud de contratos anteriores, en que las partes hubieren convenido una manera distinta de realizar el pago de sus obligaciones, en relación á los cambios que pudieran operarse en el valor de la moneda, y bajo el amparo de las leyes que los regulaban y regían á la fecha en que fueron celebrados.

on which the said decision is based. Insofar as the decision of the 26th of March last, rendered by the District Court of San Juan, conforms hereto the same is hereby affirmed; insofar as it is in conflict herewith it is reversed, and a certified copy of this order will be transmitted to the said Court for the notification of the parties in interest.